UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ASHLEY L. BENDER,           )
                            )
        Plaintiff,          )
                            )   Case No. 1:18-cv-611
v.                          )
                            )   Honorable Gordon J. Quist
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
        Defendant.          )
_____)

# REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On December 3, 2014, plaintiff filed her application for DIB benefits, and on March 30, 2015, she filed her application for SSI benefits. She alleged a December 1, 2014, onset of disability.[1] Plaintiff's claims were denied on initial review. (ECF No. 8-4, PageID.123-26). On April 12 and August 31, 2017,

---

[1] This is plaintiff's amended alleged onset of disability date. Plaintiff initially claimed a December 1, 2013, onset of disability. (ECF No. 8-6, PageID.265). On August 26, 2016, her attorney sent a letter to the ALJ advising him that plaintiff was amending her claims to allege a December 1, 2014, onset date. (ECF No. 8-6, PageID.330). The portion of the August 31, 2017, hearing transcript suggesting that plaintiff further amended her claims to allege an August 26, 2016, onset of disability (ECF No. 9-3, PageID.1403), is disregarded. It is apparent that the ALJ and plaintiff's attorney inadvertently referenced the date of the attorney's correspondence rather than plaintiff's December 1, 2014, amended alleged onset of disability date.

plaintiff received a hearing before the ALJ. (ECF No. 8-2, PageID.73-102; ECF No. 9-3, PageID.1398-1434). The ALJ issued his decision on September 14, 2017, finding that plaintiff was not disabled. (Op., ECF No. 8-2, PageID.43-64). On March 30, 2018, the Appeals Council denied review (ECF No. 8-2, PageID.27-29), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

> I. The ALJ violated the treating physician rule, failed to "properly consider" the factors under 20 C.F.R. § 404.1527(c), and failed to provide "good reasons" for the weight that he gave to the opinions of Chetan Vyas, M.D., a treating psychiatrist.
>
> II. The ALJ failed to properly include in his RFC finding the limitations found by John Gallagher, Ed.D., a state agency psychiatric consultant.
>
> III. The ALJ failed to properly consider or give appropriate weight to the opinions of Physician's Assistant Gretchen Michalowski.

(Plf. Brief, iii, ECF No. 13, PageID.1443). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff meets the disability insured requirements of the Social Security Act through December 31, 2019. (Op., 3, ECF No. 8-2, PageID.45). Plaintiff had not engaged in substantial gainful activity on or after December 1, 2014, the amended alleged onset date. (*Id.*). Plaintiff had the following severe impairments: "degenerative joint disease of the right knee; adjustment disorder; major depressive disorder; anxiety disorder; and panic disorder." (*Id.* at 4,

PageID.46). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of medium work with the following exceptions:

> The claimant is able to receive, comprehend, and execute simple, routine, repetitive tasks. The claimant can also have no more than occasional contact with supervisors and coworkers, and no contact with the public. Additionally, the claimant can be exposed to no more than occasional changes in her work duties, and she is limited to making simple work-related decisions.

(*Id.* at 6, PageID.48).

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 13, PageID.55). The ALJ found that plaintiff was not disabled at step four of the sequential analysis because she was capable of performing her past relevant work as a packager. (*Id.* at 20, PageID.62).

Alternatively, the ALJ found that plaintiff was not disabled at step five of the sequential analysis. The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 730,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 9-3, PageID.1430-32). The ALJ found that this constituted a significant number of jobs, and he found that plaintiff was not disabled. (Op., 21-22, PageID.63-64).

## Discussion

### 1.

Plaintiff argues that the ALJ violated the treating physician rule, failed to "properly consider" the factors under 20 C.F.R. § 404.1527(c), and failed to provide "good reasons" for the weight that he gave to Dr. Vyas's opinions. (Plf. Brief, 12-16, ECF No. 13, PageID.1456-60; Reply Brief, 1-4, ECF No. 15, PageID.1486-89).

Generally, the medical opinions of treating physicians are given substantial, if not controlling weight. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.' " *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion.");

*Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p[2] (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Perry v. Commissioner*, 734 F. App'x 335, 339 (6th Cir. 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart*, 710 F.3d at 376. The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to

---

[2] On March 27, 2017, the Administration rescinded SSR 96-2p "for claims filed on or after" that date. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017) (reprinted at 2017 WL 1105348). The Administration noted that Ruling 96-2p was inconsistent with new rules that "state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions." *Id.*; *see Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *7 n.2 (W.D. Mich. July 3, 2017) ("Those new rules, however, apply only to claims filed on or after March 27, 2017.").

make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'") (citation and quotation omitted).

On May 13, 2015, Dr. Vyas conducted a psychiatric evaluation. (ECF No. 8-15, PageID.834-41). Plaintiff reported that she was not taking any medications. (*Id.* at PageID.837). Dr. Vyas offered a diagnosis of major depressive disorder, recurrent, severe, without psychotic features; generalized anxiety disorder; and social phobia. (*Id.* at PageID.838). He prescribed Effexor and trazodone at bedtime for moods as well as sleep, Klonopin twice daily for anxiety, and Xanax on an as-needed basis for anxiety. (*Id.* at PageID.837).

On August 5, 2015, plaintiff returned to Dr. Vyas for a follow-up examination. (ECF No. 8-16, PageID.891-95). Plaintiff reported that she stopped taking trazodone, Klonopin, and Xanax and those medications were discontinued. She reported that for about two weeks she had been taking a reduced dose of Effexor that had been prescribed by her primary care physician and that she had tolerated it quite well. (*Id.* at PageID.892-93).

On October 21, 2015, plaintiff related to Dr. Vyas that she was feeling "stressed out recently" because her application for disability had been denied. She declined additional medication. (ECF No. 8-16, PageID.911-12).

On November 18, 2015, Dr. Vyas completed a Mental Impairment Questionnaire:

> [H]e marked pre-generated responses to indicate that the claimant had marked limitations in her abilities to understand or remember one-to-two step instructions; understand, remember and carry out detailed instructions; perform activities a within a schedule and consistently be punctual; work in coordination with or near others without being distracted by them; make simple work-related decisions; complete a workday without interruptions from psychological symptoms; perform at a consistent pace without rest periods of unreasonable length or frequency; and travel to unfamiliar places or use public transportation.

(Op., 16, PageID.58) (citing ECF No. 8-16, PageID.917-21). In addition, Dr. Vyas indicated that plaintiff had "[m]oderate-to-marked" limitations in other areas and that she would likely be absent from work two to three times a month as a result of her impairments or treatment. (ECF No. 8-16, PageID.920-21).

The ALJ gave little weight to Dr. Vyas's opinions because they were inconsistent with the medical evidence and the record as a whole, including her history of treatment, her improvement with consistent medication usage, the mental status examination findings and plaintiff's activities of daily living.[3] (Op., 16, PageID.58). The opinions were inconsistent with Dr. Vyas's own treatment notes, "as he generally suggested that the [plaintiff's] symptoms were improving with medication usage[.]" (*Id.*). Further, the ALJ found that Dr. Vyas "did not offer

---

[3] The ALJ considered the treatment that Dr. Vyas provided after he completed the Medical Impairment Questionnaire. (Op., 11-12, PageID.53-54).

sufficient narrative statements or mental status examination findings to provide a corroborative basis for the substantial degree of limitation he proposed." (*Id.*).

ALJs are not bound by conclusory statements of doctors where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton*, 246 F.3d at 773; *see also Ellars v. Commissioner*, 647 F. App'x 563, 566-67 (6th Cir. 2016) (ALJs "properly [give] a check-box form little weight where the physician provide[s] no explanation for the restrictions entered on the form and cite[s] no supporting medical evidence."); *see also Nicholas v. Berryhill*, No. 16-14072, 2018 WL 2181463, at *3 (E.D. Mich. Jan. 25, 2018) ("Courts in this circuit have held that a medical source statement in 'check-the-box' format, by itself, provides little to no persuasive value — to hold otherwise would neglect its glaring lack of narrative analysis.") (citation and quotation omitted). I find that the ALJ provided good reasons for the weight that he gave to Dr. Vyas's opinions.

Plaintiff's argument that the ALJ "did not address the factors" required by 20 C.F.R. § 404.1527(c), "including length of treatment, the frequency of treatment, or the many medication changes" (Plf. Brief, 16, PageID.1460), is meritless. The ALJ considered plaintiff's medication changes and the length and frequency of treatment, and his opinion includes an exceptionally detailed chronology of the treatment that plaintiff received from Dr. Vyas and others. (Op., 7-13, 16, PageID.49-55, 58). Section 404.1527(c) does not require an exhaustive, step-by-step analysis. *See Biestek v. Commissioner*, 880 F.3d at 785; *see also Perry v. Commissioner*, 734 F. App'x at 339

(The ALJ is not required to provide an "exhaustive, step-by-step analysis, but merely 'good reasons' for [his] weighing of the opinion.") (citation and quotation omitted). I find no violation of the treating physician rule.

**2.**

Plaintiff argues that the ALJ's Decision is not supported by substantial evidence because he failed to explain the reasons that his RFC finding did not adopt Dr. Gallagher's findings. (Plf. Brief, 17, PageID.1461; Reply Brief, 4-5, PageID.1489-90).

The ALJ was not bound by Dr. Gallagher's opinions regarding plaintiff's RFC. RFC is an issue reserved to the Commissioner. 20 C.F.R §§ 404.1527(d), 416.927(d); *see also Smith v Commissioner*, 482 F.3d 873, 876 (6th Cir. 2007) (The procedural requirement of providing "good reasons" is limited to the opinions of "treating sources."); *see also Livingston v. Commissioner*, No. 18-2358, __ F. App'x __, 2019 WL 2524185, at *2 (6th Cir. June 19, 2019)("ALJ's must give 'good reasons' only for their weighing of 'treating source' opinions."). The ALJ is required to "consider" the findings made by state agency or other program physicians and psychologists. *See Karger v. Commissioner*, 414 F. Appx 739, 754 (6th Cir. 2011); *McGrew v. Commissioner*, 343 F. App'x 26, 32 (6th Cir. 2009). "There is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Commissioner*, 618 F. App'x 267, 275 (6th Cir. 2015); *see also Williams v. Commissioner*, 1:18-cv-188, 2018 WL 6732866, at *9 (N.D. Ohio Oct. 31, 2018) ("An ALJ can give weight to the opinion of a medical source without incorporating all

portions of it into an RFC," and the ALJ's RFC finding "need not correspond to, or even be based on, any specific medical opinion.").

On February 23, 2015, Dr. Gallagher reviewed plaintiff's records and offered his opinions regarding plaintiff's mental RFC. (ECF No. 8-3, PageID.110-14). The ALJ considered all the functional restrictions that Dr. Gallagher suggested, including "moderate" limitations in these areas:

> perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and travel in unfamiliar places or use public transportation.

(Op., 15, PageID.57). The ALJ considered Dr. Gallagher's opinions that plaintiff had no significant limitations in the following areas:

> abilities to understand, remember, and carry out instructions; maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, accept instructions and respond appropriately to criticism from supervisors; work in coordination with or in proximity to others without being distracted by them; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior; make simple, work-related decisions; or set realistic goals and make plans independently of others.

(*Id.*).

The ALJ gave partial weight to Dr. Gallagher's opinions because they were "generally supported by the medical evidence and the record as a whole as of February 2015, including the claimant's history of mental health treatment, mental status examination findings, and the claimant's reported activities of daily living." (*Id.*). The ALJ noted that Dr. Gallagher "is an experienced psychological consultant

who has acquired expertise in evaluating claimants' impairments under the Social Security Act and Regulations." (*Id.*). The ALJ did not assign any greater weight to Dr. Gallagher's opinions because they had been provided more than two years earlier, and he did not have an opportunity to review the current and more fully developed record, which supported a greater degree of mental limitation. (*Id.*). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing the evidence. *See Ulman v. Commissioner*, 693 F.3d at 713.

I find no basis for disturbing the Commissioner's decision.

### 3.

Plaintiff argues that the ALJ failed to properly assess the opinions of Physician's Assistant Gretchen Michalowski. (Plf. Brief, 17-19, PageID.1461-63).

The opinions of physician's assistants are not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at *2 (SSA Aug. 9, 2006)). The opinions of physician's assistants fall within the category of information provided by "other sources." See 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4. This is

not a demanding standard, and it was easily met here. The ALJ's careful consideration of the opinions expressed by Physician's Assistant Michalowski spans multiple pages of his opinion. (Op., 16-18, PageID.58-60). I find no error.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: August 19, 2019          /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).